IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MAXEON SOLAR PTE. LTD., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-210-JRG |
| | § | |
| CANADIAN SOLAR INC., | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Stay Pending *Inter Partes Review* filed by Defendant Canadian Solar Inc. (Dkt. No. 49; "the Motion" or "Defendant's Motion"). In the Motion, Defendant asks the Court to stay this case pending *inter partes review* ("IPR") of each of the asserted claims of U.S. Patent No. 8,222,516 ("the '516 patent"), U.S. Patent No. 8,878,053 ("the '053 patent"), and U.S. Patent No. 11,251,315 ("the '315 patent").

**I.   Background**

Plaintiff Maxeon Solar Pte. Ltd. is a Singaporean company that "develop[s] and commercialize[s] next generation solar panel technologies." (Dkt. No. 1, at 5). On March 25, 2024, Plaintiff filed this suit against Defendant, alleging that it infringes certain claims of the '516 Patent, the '053 Patent, and the '315 Patent.[1] (*Id.* at 19–34). Plaintiff identifies itself as the assignee of these patents, but it does not currently sell products that practice them. (*Id.*; Dkt. No. 50, at 9). This case is set for trial starting January 26, 2026. (Dkt. No. 33, at 1).

In June 2024, Defendant filed IPR petitions before the Patent Trial and Appeal Board ("PTAB") against all of Plaintiff's originally asserted claims. (Dkt. No. 49, at 4). On January 14,

---

[1] After the filing of this Motion, the parties agreed to dismiss all claims and counterclaims regarding the '315 Patent. (Dkt. No. 60). Accordingly, the Court does not include consideration of the '315 Patent in its analysis here.

2025, the PTAB instituted the IPRs of those claims. (*Id.* at 5). The PTAB is expected to issue its final written decisions on the patentability of the asserted claims by January 14, 2026. (*Id.*). Defendant filed this Motion on January 31, 2025, seeking a stay pending those decisions. (*Id.* at 1).

## II. Legal Standard

District courts have the inherent power to control their own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage a court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

Defendant "bears the burden of showing that [the stay it seeks] is appropriate." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-cv-961-RWS-JDL, 2017 WL 772654, at *2 (citing *Landis*, 299 U.S. at 255).

## III. Analysis

The Court address each factor in turn.

2

### A. Issue Simplification

The Court concludes that issue-simplification factor weighs in favor of issuing a stay. "Given that *inter partes* review ha[s] been instituted on all Asserted Claims of all Asserted Patents on multiple grounds, there is a material likelihood of simplification of the issues in this case." *Resonant Systems, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-CV-423-JRG, 2024 WL 1021023, at *3 (E.D. Tex. Mar. 8, 2024). "If the PTAB were to find some or all of the claims under review to be valid, Defendant[] would be estopped from asserting invalidity defenses on any grounds they raised or reasonably could have raised during *inter partes* review." *Id.* Likewise, "the cancellation of some or all of the claims could result in simplification of issues in this case" because it would decrease the number of claims to be tried by the jury. *Id.*

Given that the PTAB is expected to issue its final written decisions before this case goes to trial, it is possible if not likely that its decision will simply the issues in this case. Accordingly, the Court finds that this factor weighs in favor of granting a stay.

### B. Stage of Litigation

Defendant, in the Court's view, has been adequately prompt and diligent in its conduct to warrant a stay. All too often, Defendants use the IPR process strategically and delay seeking it such that the PTAB's decision will not issue until the Court and parties have spent many hours and significant sums that could have been saved if the Defendants had acted more promptly. The fact that this Defendant has not done so supports its Motion in a meaningful way. At the time that Defendant filed this Motion, "the parties ha[d] yet to notice or take a single deposition and discovery remain[ed] at a relatively early stage." (Dkt. No. 49, at 7). Also, the Court has not yet begun the claim construction process, and such hearing is not scheduled until later this summer. While the Plaintiff admits that this factor is at least neutral, the Court is "persuaded that the benefits

3

of a stay outweigh the costs of postponing resolution in this particular case" because "the patent claims have not yet been construed by the Court, and discovery is not yet complete." *Veraseal LLC v. Wal-Mart Stores, Inc.*, No. 2:17-CV-527-JRG, 2018 WL 2183235, at *2 (E.D. Tex. May 11, 2018); *see also Communication Technologies, Inc. v. Samsung Electronics America, Inc.*, No. 2:21-CV-444-JRG, 2023 WL 1478447, at *3 (E.D. Tex. Feb. 2, 2023) ("with the close of discovery, the claim construction hearing, and the trial setting all in the future, the Court concludes that this factor weighs in favor of a stay"). Accordingly, the Court finds that this factor weighs in favor of a stay.

### C. Prejudice

Finally, the Court finds that Plaintiff would not be unduly prejudiced by the issuance of a stay. The Court is not tasked with simply finding prejudice but with determining on a case-by-case basis whether that prejudice is undue. Here, Plaintiff primarily argues that it would be unduly prejudiced because Plaintiff and Defendant are competitors in the solar-energy market. (Dkt. No. 50, at 7). However, Plaintiff does not practice the patent in suit, does not seek damages based on lost sales or profits, and has not moved for a preliminary injunction in this case. (Dkt. No. 49, at 9). These facts undercut Plaintiff's argument of undue prejudice. *See, e.g.*, *VirtualAgility, Inc. v. Salesforce.com*, 749 F.3d 1307, 1319 (Fed. Cir. 2014).

Plaintiff's reliance on this Court's decision in *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-00390, 2019 WL 3826051, at *3 (E.D. Tex. Aug. 14, 2019), falls short. While it is true that "courts within this district are 'generally reluctant to stay proceedings when the parties are direct competitors,'" *id.* at *3, the determination of competitor status should consider the use or non-use of the actual patent in suit. *Peloton Interactive* takes care to note that the plaintiff "practic[ed] the patent-in-suit," and its competition analysis centered around the fact that the

4

plaintiff's "product practicing [that patent] compete[d] with [the defendant]'s accused product in the marketplace." *Id.* Such is not the case here. *Peloton Interactive* is factually distinguishable from this case.

Granting a stay almost always creates some prejudice toward a plaintiff who seeks the prompt resolution of its claims. To that extent, prejudice is inevitable whenever a case is stayed. However, as noted above, the Court is charged not with only finding the presence of prejudice but with deciding whether that prejudice is undue. Plaintiff has not made a compelling case that the prejudice it will bear is undue if a stay were to be granted here. The Court finds that this factor weighs in favor of issuing a stay.

### IV.  Conclusion

Having considered the above-described factors and the specific facts of this case, the Court finds that the issuance of a stay is warranted and that Defendant's Motion should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that the above-captioned case is **STAYED** pending resolution of the PTAB's *inter partes* review concerning the '516 Patent and the '053 Patent.

The Parties are **ORDERED** to file a joint status report within ten (10) days after the PTAB issues its ruling on any of the claims at issue from the Asserted Patents. Counsel shall also deliver a courtesy copy of such reports to the Court's chambers at the Sam B. Hall, Jr. Federal Building and United States Courthouse, 100 E. Houston St. Marshall, TX 75670.

**So ORDERED and SIGNED this 30th day of June, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE